This is an appeal from a decision and award of the Workmen’s Compensation Board granting death benefits to the widow of the employee, who died in a hotel fire at St. Albans, Vermont. Decedent was a district manager for his employer and was required to supervise several stores in the State of New York and the State of Vermont, and was required to visit them at regular intervals. The distance involved was such that he was required to remain away from his home at least two nights per week. The employer paid all of his expenses for hotel lodging and meals, and furnished him a car and its maintenance. His hours of duty were unlimited, and he was subject to call at any hour of the day or night. On the evening of January 29, 1948, decedent had checked in at a hotel in St. Albans, Vermont. He communicated by telephone that evening with his wife and with employer’s superintendent, so that any calls to them which required his attention could be relayed to him. He was required to make a regular call at his employer’s store in St. Albans the following morning. It was his usual custom to make out reports to his employer at night. There is no proof in the record that decedent was engaged in his own pursuits at the time of the fire. The board has found that decedent’s death arose out of and in the course of his employment. The evidence sustains such a finding. (For a discussion of the law in such eases and applicable hereto see the opinion of Mr. Justice Heeeernan in Matter of Gomr. of Taxation & Finance (Buck) V. Katherine Gibbs School, ante, p. 126, decided herewith.) Decision and award unanimously affirmed, with costs , to the Workmen’s Compensation Board. Present • — ■ Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ.